UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CARRODY M. BUCHHORN, TIMOTHY D. BUCHHORN, GREGORY W. SNELL, and MATTHEW T. BUCHHORN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v | ) | Case No. 2:24-CV-02580-KHV-TJJ |
| | ) | |
| THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS COUNTY, KANSAS, THE CITY OF EUDORA, KANSAS, ERIK MITCHELL M.D., SUZANNE VALDEZ and JOSHUA SEIDEN | ) ) ) ) ) | |
| Defendants, | ) ) | |

**DEFENDANT ERIK MITCHELL'S MOTION TO RECONSIDER**

COMES NOW the defendant Erik Mitchell, M.D., by and through Jeffrey Kuhlman of the law firm of Watkins Calcara, Chtd., and asks this Court to reconsider its prior ruling on Defendant's motion to dismiss on July 2, 2025.

Specifically, Defendant Mitchell asks for reconsideration of two discrete rulings from the Court's Memorandum and Order. First, in denying Mitchell's motion to dismiss Count VII, the Court failed to address the well-established pleading standard to state a claim for familial interference, a Plaintiff must allege a specific intent to interfere with a particular relationship. *E.g.,* *Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985). Second, in determining that Buchhorn's malicious prosecution claim did not accrue until December 16, 2022, the Court applied the "indicative of actual innocence" element to malicious prosecution. (Doc. 81, p. 19). The standard has been explicitly rejected by the United State Supreme Court, and is no longer an element to a malicious prosecution claim under § 1983. *Thompson v. Clark*, 596 U.S. 36, 49 (2022). Thus, when Plaintiff's conviction was vacated she had a full and complete cause of action against Dr. Mitchell;

nothing further was required for her cause of action to accrue. Therefore, under current precedent, Plaintiff's claim for malicious prosecution is time-barred and should be dismissed.

## LEGAL STANDARD

A motion to reconsider can be filed pursuant to D. Kan. R. 7.3, and must be based on either (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Mitchell asserts only the need to correct clear error or prevent manifest injustice. Whether to grant a motion to reconsider is within the Court's sound discretion. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). A motion to reconsider is appropriate where the Court misapprehended a party's position or the applicable law. *Rogers v. Cline*, 2021 U.S. Dist. LEXIS 158071, at *2 (D. Kan. Aug. 20, 2021).

## ARGUMENT

### I.    The Court did not address Mitchell's arguments regarding the proper standard for alleging interference with familial association.

In Count VII, Plaintiffs alleged that Dr. Mitchell deprived them of their right to familial association. (Doc. 59, pp. 65-67). The Court addressed Dr. Mitchell's arguments about the timeliness of this claim. (Doc. 81, pp. 21-22). Dr. Mitchell does not seek reconsideration of that analysis. But Dr. Mitchell also argued that he was entitled to qualified immunity because "[t]o state a claim for interference with familial association, a plaintiff must sufficiently allege that the government actor intended to interfere with the family relationship." *N.E.L. v. Douglas Cty.*, 740 F. App'x 920, 931 (10th Cir. 2018) (citation cleaned up); *see also* Doc. 63, pp. 9-11). As Dr. Mitchell argued, the Tenth Circuit has explicitly held that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." *Trujillo v. Bd. of Cnty Cmm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985).

In their response to Dr. Mitchell's motion to dismiss, Plaintiffs did not contest that this is the governing law. Instead, they asserted—incorrectly—that application of this law only applied to the summary judgment stage, even though *Trujillo* specifically speaks to the requirement that specific intent to interfere with a familial relationship must be **<u>alleged</u>**. *Trujillo*, 768 F.2d at 1190; *see also N.E.L.*, 740 F. App'x at 931 (affirming grant of dismissal of a familial interference claim at the 12(b)(6) stage); *McIntyre v. Unif. Gov't & Kan. City*, 2020 U.S. Dist. LEXIS 36174, at *39 (March 3, 2020) ("[T]o succeed on their familial association claims, both Lamonte and Rose will have to show that [Defendant] intentionally and unlawfully interfered with their relationship by causing [Plaintiff's] wrongful prosecution and imprisonment.").

To try to get over this burden, Plaintiffs' cited a sole, conclusory allegation that all Defendants intended to deprive all Plaintiffs of their constitutional rights. (Doc. 59, ¶ 281). That is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). The law is clear that all Plaintiffs fail to state a claim in Count VII. Because the Court did not address this argument in ruling on Dr. Mitchell's motion to dismiss, Dr. Mitchell respectfully requests reconsideration of the Court's ruling to allow Count VII to survive, in part.[1]

## II.    The Court applied overturned Tenth Circuit precedent in determining when Plaintiffs' malicious prosecution claim accrued.

In its Memorandum and Order, the Court noted that Count IV is a malicious prosecution claim. Consistent with the general principle that under § 1983, a claim accrues when a plaintiff has a complete and present cause of action, *Wallace v. Kato*, 549 U.S. 384, 388 (2007), the Court found that the malicious prosecution claim did not accrue until the state district court dismissed the charges on

---

[1] This argument is especially true with regard to Plaintiffs Timothy Buchhorn, Gergory Snell, and Matthew Buchhorn. (*See* Doc. 63, p. 10).

December 16, 2022, because that dismissal—as opposed to the appellate court's earlier reversal of her conviction—was indicative of actual innocence. Doc. 81, pp. 18-19.

In reaching this conclusion, the Court noted that to state a claim for malicious prosecution, Plaintiffs were required to show that the original proceeding terminated in their favor. (Doc. 81, p. 18). But the Court also held that to show favorable termination, Plaintiffs were required to show that the original criminal proceeding terminated in a manner indicative of Ms. Buchhorn's innocence. (Doc. 81, pp. 18-19 (citing *Margheim v. Buljko*, 855 F.3d 1077, 1089 (10th Cir. 2017)). And so, the Court reasoned that Plaintiffs' claims did not accrue when the Kansas Appellate Courts reversed Buchhorn's conviction because that reversal was not indicative of Buchhorn's innocence. (Doc. 81, pp. 18-19).

In 2022, the Supreme Court clarified that the meaning of "favorable termination" does not require dismissal is indicative of actual innocence. *Thompson v. Clark*, 596 U.S. 36, 49 (2022). As a result, the Tenth Circuit has subsequently clarified that its "precedents applying the favorable termination element are no longer good law." *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023). Therefore, the Court misapplied binding precedent in determining that Plaintiffs' malicious prosecution claims did not accrue until she obtained a dismissal of charges that was indicative of actual innocence. The only prosecution that Dr. Mitchell is alleged to have had any involvement in terminated in Ms. Buchhorn's favor when the Kansas Appellate Courts reversed her conviction. At that point, nothing further was required for Ms. Buchhorn to have a complete and full case of action against Dr. Mitchell.

> The upshot [of *Heck*]? Whenever a plaintiff seeks money damages under § 1983 for a tainted conviction, sentence, or **prosecution** (as in *Heck*, *Edwards*, *McDonough*, *Thompson*, and this case), one required element in that backwards-looking tort claim is favorable termination.

The favorable-termination avenues named in *Heck* underscore the depth of the rule's tort roots. *Heck* highlighted four avenues. A § 1983 plaintiff can show her tainted conviction or sentence has been (1) **reversed on direct appeal**, (2) expunged by executive order, (3) **declared invalid by a state tribunal**, or (4) called into question by a federal court's issuance of a writ of habeas corpus.

*Wilson v. Midland Cnty.*, 116 F.4th 384, 398-99 (5th Cir. 2024) (citation cleaned up and emphasis added).

Plaintiffs' claim accrued on August 19, 2022. By October 5, 2022, it was clear that Mitchell would not be involved in any future prosecution, and so, Ms. Buchhorn "was not subject to [another] trial fraught with" any alleged constitutional violations on the part of Dr. Mitchell. *Smith v. Gonzales*, 222 F.3d 1220, 1223 (10th Cir. 2000).

The Court's holding that Plaintiffs' claims could not accrue until there was some indication of actual innocence was not based on current case law, and therefore, Defendant Mitchell respectfully requests reconsideration of the Court's overruling of Dr. Mitchell's motion to dismiss Count IV.

## CONCLUSION

For the reasons set forth herein, Defendant Mitchell respectfully request reconsideration of the Court's overruling of his motion to dismiss Counts IV and VII.

WATKINS CALCARA, CHTD.

/s/ JEFFREY M. KUHLMAN
    Jeffrey Kuhlman, #26865
    1321 Main Street - Suite 300
    P.O. Drawer 1110
    Great Bend, Kansas  67530
    (620) 792-8231  Fax (620) 792-2775
    jkuhlman@wcrf.com
    Attorneys for Defendant Erik Mitchell, M.D.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 15th day of July, 2025, a copy of the above and foregoing Motion to Reconsider was filed with the Clerk of the District Court via the ECF/CM System, which will send notice to all counsel of record:

William J. Skepnek KS Bar #10149
THES KEPNEKLA WF IRM,P A
1 Westwood Rd.
Lawrence, KS 66044
Telephone: (785) 856-3100
Facsimile: (785) 856-3099
bskepnek@skepneklaw.com
Attorney for Plaintiffs

Quentin M. Templeton KS Bar #26666
FORBESL AWG ROUPL, LC
12900 Metcalf Avenue, Suite 210
Overland Park, Kansas 66213
Telephone: (913) 341-8600
Facsimile: (913) 341-8606
qtempleton@forbeslawgroup.com
Attorney for Plaintiffs

Brennan P. Fagan KS Bar #20430
FAGAN& EMERTL, LC
800 New Hampshire St., Suite 110
Lawrence, Kansas 66044
Telephone: (785) 331-0300
Facsimile: (785) 331-0303
bfagan@faganemert.com
Attorneys for Plaintiffs

Jennifer M. Hill
McDonald Tinker, PA
300 W. Douglas Avenue, Suite 500
PO Box 207
Wichita, KS 67202
316-263-5851
316-263-4677 (fax)
jhill@mcdonaldtinker.com
Attorney for City of Eudora, KS

Ryan A. Kriegshauser
Joshua A. Ney
Kriegshauser Ney Law Group
10505 W. 138th Street, Unit 4493
Olathe, KS 66063
913-303-0639
ryan@knlawgroup.com
Attorney for Suzanne Valdez

Anthony F. Rupp
Eric Turner
Foulston Siefkin LLP - OP
7500 College Blvd., Suite 1400
Overland Park, KS 66210
913-498-2100
913-498-2101 (fax)
trupp@foulston.com
Attorneys for Defendant Joshua Seiden

Michelle R. Stewart
Hinkle Law Firm LLC - Lenexa
8711 Penrose Lane, Suite 400
Lenexa, KS 66219-8197
913-345-9205
913-345-4832 (fax)
mstewart@hinklaw.com
Attorney for BOCC for Douglas County

/s/  JEFFREY M. KUHLMAN
         Jeffrey Kuhlman, #26865