IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARRODY M. BUCCHORN; et. al.          )
     Plaintiffs,          )
                    )
vs.          )          Case No. 2:24-CV-02580-KHV-TJJ
                    )
THE BOARD OF COUNTY COMMISSIONERS   )
et. al.          )
     Defendants.          )

## <u>DEFENDANT THE DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS' ANSWER TO AMENDED COMPLAINT</u>

COMES NOW, Defendant, The Douglas County, Kansas Board Of County Commissioners hereinafter "County") by and through its counsel of record, and for its answer to Plaintiffs' Amended Complaint states and alleges as follows:

1. Paragraph 1 of the Amended Complaint is a declaratory statement to which no response is required, Defendant County denies any involvement in C. Buchhorn's conviction as set forth in paragraph 1.

2. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 2 of the Amended Complaint and therefore denies the same.

3. Defendant County denies the allegations and averments contained in paragraph 3 of the Amended Complaint.

4. Defendant County denies the allegations and averments contained in paragraph 4 of the Amended Complaint.

5. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 5 of the Amended Complaint and therefore denies the same.

6. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 6 of the Amended Complaint and therefore denies the same.

7.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 7 of the Amended Complaint and therefore denies the same.

8.    Defendant County denies the allegations and averments contained in paragraph 8 of the Amended Complaint.

9.    Defendant County denies the allegations and averments contained in paragraph 9 of the Amended Complaint.

10.    Defendant County denies the allegations and averments contained in paragraph 10 of the Amended Complaint.

11.    Defendant County denies the allegations and averments contained in paragraph 11 of the Amended Complaint.

12.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 12 of the Amended Complaint and therefore denies the same.

13.    Defendant County denies that it ever received a report from Dr. Jane Turner and is without sufficient knowledge or information to admit or deny the averments contained in paragraph 13 of the Amended Complaint and therefore denies the same.

14.    Defendant County denies the allegations and averments contained in paragraph 14 of the Amended Complaint.

15.    Defendant County denies the allegations and averments contained in paragraph 15 of the Amended Complaint and specifically states that former defendants Suzanne Valdez and Joshua Seiden are the former District Attorney and Chief Assistant District Attorney, the District Attorney's Office is an arm of the State and not controlled by the County. K.S.A. §22a-101(a).

16.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 16 of the Amended Complaint and therefore denies the same.

17.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 17 of the Amended Complaint and therefore denies the same.

18.     Paragraph 18 of the Amended Complaint is a declaratory statement to which no response is required, Defendant County specifically denies that Plaintiffs are entitled to relief on any claims against Defendant County.

## ANSWER TO JURISDICTION AND VENUE

19.     In response to paragraph 19, Defendant County admits that this Court has subject matter jurisdiction over Plaintiff's remaining federal claims, but denies any violation of Plaintiffs' constitutional rights.

20.     In response to paragraph 20, Defendant County admits that this Court has subject matter jurisdiction over Plaintiff's remaining state law claims, but denies any action that would give rise to liability under any remaining state law claim.

21.     In response to paragraph 21, Defendant County admits that venue is appropriate, but denies any violation of Plaintiffs' constitutional rights that would give rise to a cause of action.

## ANSWER TO PARTIES

22.      Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 22 of the Amended Complaint and therefore denies the same.

23.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 23 of the Amended Complaint and therefore denies the same.

24.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 24 of the Amended Complaint and therefore denies the same.

25.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 25 of the Amended Complaint and therefore denies the same.

26.    Defendant County admits the averments contained in paragraph 26 of the Amended Complaint.

27.    Defendant County admits the averments contained in paragraph 27 of the Amended Complaint.

28.    Defendant County denies the allegations and averments contained in paragraph 28 of the Amended Complaint.

29.    Defendant County denies the allegations and averments contained in paragraph 29 of the Amended Complaint and affirmatively states that pursuant to K.S.A. §22a-101(a), the District Attorney's Office is an arm of the State and not controlled by the County. K.S.A. §22a-101(a).

30.    Defendant County denies the allegations and averments contained in paragraph 30 of the Amended Complaint and affirmatively states that pursuant to K.S.A. §22a-101(a), the District Attorney's Office is an arm of the State and not controlled by the County.

31.    Defendant County denies the allegations and averments contained in paragraph 31 of the Amended Complaint.

32.    Defendant County denies the allegations and averments contained in paragraph 32 of the Amended Complaint.

33.    The City of Eudora, Kansas has been dismissed from the instant suit (Doc. 81) and therefore no response is required as to paragraph 33 of the Amended Complaint.

34.    The City of Eudora, Kansas has been dismissed from the instant suit (Doc. 81) and therefore no response is required as to paragraph 34 of the Amended Complaint.

35.    The City of Eudora, Kansas has been dismissed from the instant suit (Doc. 81) and therefore no response is required as to paragraph 35 of the Amended Complaint.

36.     Paragraph 36 of the Amended Complaint is a declaratory statement to which no response is required.

37.     Defendant County admits that Erik Mitchell was the appointed Coroner for Douglas County, but denies the rest and remainder of the averments contained in paragraph 37 of the Amended Complaint.

38.     Defendant County admits that Erik Mitchell was the supervisor of the Coroner's Office, but denies the rest and remainder of the averments contained in paragraph 38 of the Amended Complaint.

39.     Defendant County denies the allegations and averments contained in paragraph 39 of the Amended Complaint.

40.     Suzanne Valdez has been dismissed from the instant suit (Doc. 81) and therefore no response is required as to paragraph 40 of the Amended Complaint.

41.     Defendant County denies the allegations and averments contained in paragraph 41 of the Amended Complaint. Pursuant to K.S.A. §22a-101(a), the District Attorney's Office is an arm of the State and not controlled by the County.

42.     Joshua Seiden has been dismissed from the instant suit (Doc. 81) and therefore no response is required as to paragraph 42 of the Amended Complaint.

43.     Defendant County denies the allegations and averments contained in paragraph 43 of the Amended Complaint. Pursuant to K.S.A. §22a-101(a), the District Attorney's Office is an arm of the State and not controlled by the County.

44.     Paragraph 44 of the Amended Complaint is a declaratory statement to which no response is required.

## **ANSWER TO FACTS**

45.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 45 of the Amended Complaint and therefore denies the same.

46.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 46 of the Amended Complaint and therefore denies the same.

47.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 47 of the Amended Complaint and therefore denies the same.

48.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 48 of the Amended Complaint and therefore denies the same.

49.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 49 of the Amended Complaint and therefore denies the same.

50.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 50 of the Amended Complaint and therefore denies the same.

51.     Defendant County admits that Defendant Mitchell was appointed to serve as District Coroner pursuant to K.S.A. 22a-226 from June 25, 1996 through November 1, 2021, but denies the rest and remainder of the averments and allegations contained in paragraph 51 of the Amended Complaint.

52.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 52 of the Amended Complaint and therefore denies the same.

53.     Defendant County admits that Defendant Mitchell was appointed through the stated Resolutions, but denies the rest and remainder of the averments and allegations contained in paragraph 53 of the Amended Complaint.

54.     Defendant County denies the averments and allegations contained in paragraph 54 of the Amended Complaint.

55.     Defendant County admits the averments contained in paragraph 55 of the Amended Complaint.

56.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 56 of the Amended Complaint and therefore denies the same.

57.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 57 of the Amended Complaint and therefore denies the same.

58.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 58 of the Amended Complaint and therefore denies the same.

59.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 59 of the Amended Complaint and therefore denies the same.

60.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 60 of the Amended Complaint and therefore denies the same.

61.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 61 of the Amended Complaint and therefore denies the same.

62.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 62 of the Amended Complaint and therefore denies the same.

63.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 63 of the Amended Complaint and therefore denies the same.

64.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 64 of the Amended Complaint and therefore denies the same.

65.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 65 of the Amended Complaint and therefore denies the same.

66.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 66 of the Amended Complaint and therefore denies the same.

67.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 67 of the Amended Complaint and therefore denies the same.

68.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 68 of the Amended Complaint and therefore denies the same.

69.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 69 of the Amended Complaint and therefore denies the same.

70.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 70 of the Amended Complaint and therefore denies the same.

71.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 71 of the Amended Complaint and therefore denies the same.

72.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 72 of the Amended Complaint and therefore denies the same.

73.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 73 of the Amended Complaint and therefore denies the same.

74.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 74 of the Amended Complaint and therefore denies the same.

75.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 75 of the Amended Complaint and therefore denies the same.

76.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 76 of the Amended Complaint and therefore denies the same.

77.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 77 of the Amended Complaint and therefore denies the same.

78.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 78 of the Amended Complaint and therefore denies the same.

79.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 79 of the Amended Complaint and therefore denies the same.

80.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 80 of the Amended Complaint and therefore denies the same.

81.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 81 of the Amended Complaint and therefore denies the same.

82.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 82 of the Amended Complaint and therefore denies the same.

83.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 83 of the Amended Complaint and therefore denies the same.

84.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 84 of the Amended Complaint and therefore denies the same.

85.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 85 of the Amended Complaint and therefore denies the same.

86.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 86 of the Amended Complaint and therefore denies the same.

87.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 87 of the Amended Complaint and therefore denies the same.

88.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 88, inclusive of sub-paragraphs a - h of the Amended Complaint and therefore denies the same.

89.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 89 of the Amended Complaint and therefore denies the same.

90.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 90 of the Amended Complaint and therefore denies the same.

91.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 91 of the Amended Complaint and therefore denies the same.

92.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 92 of the Amended Complaint and therefore denies the same.

93.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 93 of the Amended Complaint and therefore denies the same.

94.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 94 of the Amended Complaint and therefore denies the same.

95.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 95 of the Amended Complaint and therefore denies the same.

96.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 96 of the Amended Complaint and therefore denies the same.

97.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 97 of the Amended Complaint and therefore denies the same.

98.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 98 of the Amended Complaint and therefore denies the same.

99.    Defendant County denies the averments and allegations contained in paragraph 99 of the Amended Complaint.

100.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 100 of the Amended Complaint and therefore denies the same.

101.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 101 of the Amended Complaint and therefore denies the same.

102.    Defendant County denies the averments and allegations contained in paragraph 102 of the Amended Complaint.

103.    Defendant County denies the averments and allegations contained in paragraph 103 of the Amended Complaint.

104.    Paragraph 104 is Plaintiffs' interpretation of case law, which does not require a response.  To the extent a response is required Defendant County denies the averments and allegations contained in paragraph 104 of the Amended Complaint.

105.    Paragraph 105 is Plaintiffs' interpretation of case law, which does not require a response.  To the extent a response is required Defendant County denies the averments and allegations contained in paragraph 105 of the Amended Complaint.

106.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 106 of the Amended Complaint and therefore denies the same.

107.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 107 of the Amended Complaint and therefore denies the same.

108.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 108 of the Amended Complaint and therefore denies the same.

109.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 109 of the Amended Complaint and therefore denies the same.

110.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 110 of the Amended Complaint and therefore denies the same.

111.    Defendant Douglas County specifically denies that it caused Information to be filed, alleging that C. Buchhorn murdered O.O. as alleged in paragraph 111 of the Amended Complaint.

112.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 112 of the Amended Complaint and therefore denies the same.

113.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 113 of the Amended Complaint and therefore denies the same.

114.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 114 of the Amended Complaint and therefore denies the same.

115.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 115 of the Amended Complaint and therefore denies the same.

116.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 116 of the Amended Complaint and therefore denies the same.

117. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 117 of the Amended Complaint and therefore denies the same.

118. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 118 of the Amended Complaint and therefore denies the same.

119. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 119 of the Amended Complaint and therefore denies the same.

120. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 120 of the Amended Complaint and therefore denies the same.

121. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 121 of the Amended Complaint and therefore denies the same.

122. Defendant denies the allegations and averments contained in paragraph 122 of the Amended Complaint, and specifically denies that it made any statements as alleged in paragraph 122 of the Amended Complaint.

123. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 123 of the Amended Complaint and therefore denies the same.

124. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 124 of the Amended Complaint and therefore denies the same.

125.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 125 of the Amended Complaint and therefore denies the same.

126.    Defendant denies the allegations and averments contained in paragraph 126 of the Amended Complaint, and specifically denies any involvement in C. Buchhorn's prosecution as alleged in paragraph 126 of the Amended Complaint.

127.    Defendant denies the allegations and averments contained in paragraph 127 of the Amended Complaint, and specifically denies any ability to prosecute Defendant Mitchell for any alleged perjury as alleged in paragraph 127 of the Amended Complaint.

128.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 128 of the Amended Complaint and therefore denies the same.

129.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 129 of the Amended Complaint and therefore denies the same.

130.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 130 of the Amended Complaint and therefore denies the same.

131.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 131 of the Amended Complaint and therefore denies the same.

132.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 132 of the Amended Complaint and therefore denies the same.

133.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 133 of the Amended Complaint and therefore denies the same.

134.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 134 of the Amended Complaint and therefore denies the same.

135.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 135 of the Amended Complaint and therefore denies the same.

136.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 136 of the Amended Complaint and therefore denies the same.

137.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 137 of the Amended Complaint and therefore denies the same.

138.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 138 of the Amended Complaint and therefore denies the same.

139.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 139 of the Amended Complaint and therefore denies the same.

140.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 140 of the Amended Complaint and therefore denies the same.

141.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 141 of the Amended Complaint and therefore denies the same.

142.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 142 of the Amended Complaint and therefore denies the same.

143.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 143 of the Amended Complaint and therefore denies the same.

144.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 144 of the Amended Complaint and therefore denies the same.

145.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 145 of the Amended Complaint and therefore denies the same.

146.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 146 of the Amended Complaint and therefore denies the same.

147.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 147 of the Amended Complaint and therefore denies the same.

148.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 148 of the Amended Complaint and therefore denies the same.

149.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 149 of the Amended Complaint and therefore denies the same.

150.    Defendant denies the allegations and averments contained in paragraph 150 of the Amended Complaint, and specifically denies any involvement in C. Buchhorn's prosecution or that it "called Mitchell at the post-trial hearing" as alleged in paragraph 150 of the Amended Complaint.

151.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 151 of the Amended Complaint and therefore denies the same.

152.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 152 of the Amended Complaint and therefore denies the same.

153.    Defendant denies the allegations and averments contained in paragraph 153 of the Amended Complaint, and specifically denies any ability to prosecute Defendant Mitchell for any alleged perjury as alleged in paragraph 153 of the Amended Complaint.

154.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 154 of the Amended Complaint and therefore denies the same.

155.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 155 of the Amended Complaint and therefore denies the same.

156.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 156, inclusive of sub-paragraphs a - d of the Amended Complaint and therefore denies the same.

157.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 157 of the Amended Complaint and therefore denies the same.

158.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 158 of the Amended Complaint and therefore denies the same.

159.    Paragraph 159 states legal conclusions to which no response is necessary.  To the extent a response is deemed required, Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 159 of the Amended Complaint and therefore denies the same.

160.    Defendant County denies that it was involved in any pursuing an appeal as alleged in paragraph 160 of the Amended Complaint.

161.    Defendant County denies the allegations and averments contained in paragraph 161 of the Amended Complaint.

162.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 162 of the Amended Complaint and therefore denies the same.

163.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 163 of the Amended Complaint and therefore denies the same.

164.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 164 of the Amended Complaint and therefore denies the same.

165.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 165 of the Amended Complaint and therefore denies the same.

166.    Defendant County denies the allegations and averments contained in paragraph 166 of the Amended Complaint, and specifically denies it had any involvement in the criminal proceedings as alleged in paragraph 166 of the Amended Complaint.

167.    Defendant County denies the allegations and averments contained in paragraph 167 of the Amended Complaint, and specifically denies it had any involvement in the criminal proceedings as alleged in paragraph 167 of the Amended Complaint.

168.    Defendant County denies the allegations and averments contained in paragraph 168 of the Amended Complaint, and specifically denies it had any involvement in the criminal proceedings as alleged in paragraph 168 of the Amended Complaint, and affirmatively notes that the quoted citation to the Court of Appeals Opinion references the "Respondent State of Kansas" and does not reference Douglas County.

169.    Defendant County denies the allegations and averments contained in paragraph 169 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, the appeal or that that the Court of Appeals required the County to do anything as alleged in paragraph 169 of the Amended Complaint.

170.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 170, inclusive of sub-paragraphs a-f of the Amended Complaint and therefore denies the same.

171.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 170, inclusive of sub-paragraphs a-c of the Amended Complaint and therefore denies the same.

172.    Defendant County denies the allegations and averments contained in paragraph 172 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, the appeal or that it filed any status report with the Court of Appeals as alleged in paragraph 172 of the Amended Complaint.

173.    Defendant County denies the allegations and averments contained in paragraph 173 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, the appeal or that the Court of Appeals required it to file any status report with the Court of Appeals as alleged in paragraph 173 of the Amended Complaint.

174.    Defendant County denies the allegations and averments contained in paragraph 174 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, the appeal or that it made any report to the Court of Appeals as alleged in paragraph 174 of the Amended Complaint.

175.    Defendant County denies the allegations and averments contained in paragraph 175 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, the appeal or that it made any report to the Court of Appeals as alleged in paragraph 175 of the Amended Complaint.

176.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 176 of the Amended Complaint and therefore denies the same.

177.    Defendant County denies the allegations and averments contained in paragraph 177 of the Amended Complaint, and specifically denies the County had any involvement in the

criminal proceedings, the appeal or that it made any representations in response to the Court of Appeals show cause order as alleged in paragraph 177 of the Amended Complaint.

178.    Defendant County denies the allegations and averments contained in paragraph 178 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, the appeal or that it made any representations to the Court of Appeals as alleged in paragraph 178 of the Amended Complaint.

179.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 179 of the Amended Complaint and therefore denies the same.

180.    Defendant County denies the allegations and averments contained in paragraph 180 of the Amended Complaint, and specifically denies the County had any involvement in the criminal proceedings, or that it was responsible for testing C. Buhhorn's shoes for DNA as alleged in paragraph 180 of the Amended Complaint.

181.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 181 of the Amended Complaint and therefore denies the same.

182.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 182 of the Amended Complaint and therefore denies the same.

183.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 183 of the Amended Complaint and therefore denies the same.

184.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 184 of the Amended Complaint and therefore denies the same.

185.    Defendant County denies the allegations and averments contained in paragraph 185 of the Amended Complaint, and specifically denies the County filed a notice of appeal and specifically notes that such allegation is directly controverted by the facts alleged by Plaintiff that the *State of Kansas* file a notice of appeal.

186.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 186 of the Amended Complaint and therefore denies the same.

187.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 187 of the Amended Complaint and therefore denies the same.

188.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 188 of the Amended Complaint and therefore denies the same.

189.    Defendant County denies the allegations and averments contained in paragraph 189 of the Amended Complaint, and specifically denies the County ever had possession of any evidence related to a criminal investigation against C. Buchhorn or that it was required to provide C. Buchhorn's counsel with any property logs.

190.    Defendant County denies the allegations and averments contained in paragraph 190 of the Amended Complaint, and specifically denies the County ever had possession of any evidence related to a criminal investigation against C. Buchhorn or any of C. Buchhon's personal property.

191.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 191 of the Amended Complaint and therefore denies the same.

192.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 192 of the Amended Complaint and therefore denies the same.

193.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 193 of the Amended Complaint and therefore denies the same.

194.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 194 of the Amended Complaint and therefore denies the same.

195.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 195, inclusive of sub-paragraphs a-c of the Amended Complaint and therefore denies the same.

196.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 196 of the Amended Complaint and therefore denies the same.

197.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 197, inclusive of sub-paragraphs a - i of the Amended Complaint and therefore denies the same.

198.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 198 of the Amended Complaint and therefore denies the

same. Defendant County specifically denies that it ever had possession of any personal property belonging to C. Buchhorn.

199.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 199 of the Amended Complaint and therefore denies the same.

200.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 188 of the Amended Complaint and therefore denies the same.

201.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 188 of the Amended Complaint and therefore denies the same.

202.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 202 of the Amended Complaint with respect to the actions of other currently named or formerly named Defendants and therefore denies the same. Defendant County specifically denies that it ever had possession of any personal property belonging to C. Buchhorn.

203.    Defendant County denies the averments and allegations contained in paragraph 203 of the Amended Complaint.

204.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 204 of the Amended Complaint and therefore denies the same.

205.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 205 of the Amended Complaint and therefore denies the same.

206.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 206 of the Amended Complaint and therefore denies the same.

207.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 207 of the Amended Complaint and therefore denies the same. Defendant County specifically denies that it ever received Dr. Turner's report as alleged in paragraph 207 of the Amended Complaint.

208.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 208 of the Amended Complaint and therefore denies the same.

209.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 209 of the Amended Complaint and therefore denies the same.

210.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 210 of the Amended Complaint and therefore denies the same.

211.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 211 of the Amended Complaint and therefore denies the same.

212.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 212 of the Amended Complaint and therefore denies the same.

213.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 213 of the Amended Complaint and therefore denies the same.

214.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 214 of the Amended Complaint and therefore denies the same.

215.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 215 of the Amended Complaint and therefore denies the same.

216.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 216 of the Amended Complaint and therefore denies the same.

217.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 217 of the Amended Complaint and therefore denies the same.

218.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 218 of the Amended Complaint and therefore denies the same.

219.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 219 of the Amended Complaint and therefore denies the same.

220.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 220 of the Amended Complaint and therefore denies the same.

221.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 221 of the Amended Complaint and therefore denies the same.

222.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 222 of the Amended Complaint and therefore denies the same.

223.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 223 of the Amended Complaint and therefore denies the same.

224.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 224 of the Amended Complaint and therefore denies the same.

225.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 225 of the Amended Complaint and therefore denies the same.

226.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 226, inclusive of sub-paragraphs a - f of the Amended Complaint and therefore denies the same.

227.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 227 of the Amended Complaint and therefore denies the same.

228.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 228 of the Amended Complaint and therefore denies the same.

229.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 229 of the Amended Complaint and therefore denies the same.

230.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 230 of the Amended Complaint and therefore denies the same.

231.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 231 of the Amended Complaint and therefore denies the same.

232.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 232 of the Amended Complaint and therefore denies the same.

233.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 233 of the Amended Complaint and therefore denies the same.

234.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 234 of the Amended Complaint and therefore denies the same.

235.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 235 of the Amended Complaint and therefore denies the same.

236.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 236 of the Amended Complaint and therefore denies the same.

237.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 237, inclusive of sub-paragraphs a - i of the Amended Complaint and therefore denies the same.

238.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 238 of the Amended Complaint and therefore denies the same.

239.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 239 of the Amended Complaint and therefore denies the same.

240.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 240 of the Amended Complaint and therefore denies the same.

241.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 241 of the Amended Complaint and therefore denies the same.

242.     Defendant County denies the averments and allegations contained in paragraph 242 of the Amended Complaint.

243.     Defendant County denies the averments and allegations contained in paragraph 243 of the Amended Complaint.

244.     Defendant County denies the averments and allegations contained in paragraph 244 of the Amended Complaint.

245.     Defendant County denies the averments and allegations contained in paragraph 245 of the Amended Complaint.

246.     Defendant County denies the averments and allegations contained in paragraph 246 of the Amended Complaint.

247.     Defendant County denies the averments and allegations contained in paragraph 247 of the Amended Complaint.

248.     Defendant County denies the averments and allegations contained in paragraph 248 of the Amended Complaint.

249.     Defendant County denies the averments and allegations contained in paragraph 249 of the Amended Complaint.

250.     Defendant County denies the averments and allegations contained in paragraph 250 of the Amended Complaint.

251.     Defendant County denies the averments and allegations contained in paragraph 251 of the Amended Complaint.

252.     Defendant County denies the averments and allegations contained in paragraph 252 of the Amended Complaint.

253.     Defendant County denies the averments and allegations contained in paragraph 253 of the Amended Complaint.

254.     Defendant County denies the averments and allegations contained in paragraph 254 of the Amended Complaint.

255.     Defendant County denies the averments and allegations contained in paragraph 255 of the Amended Complaint.

256.     Defendant County denies the averments and allegations contained in paragraph 256 of the Amended Complaint.

257.     Defendant County denies the averments and allegations contained in paragraph 257 of the Amended Complaint.

258.    Defendant County denies the averments and allegations contained in paragraph 258 of the Amended Complaint.

259.    Defendant County denies the averments and allegations contained in paragraph 259 of the Amended Complaint and specifically states that pursuant to K.S.A. §22a-101(a), the District Attorney's Office is an arm of the State and not controlled by the County and any reference to 'botched cases' does not involve Defendant County in any way.

260.    Defendant County denies the averments and allegations contained in paragraph 260 of the Amended Complaint.

261.    Defendant County denies the averments and allegations contained in paragraph 261 of the Amended Complaint and specifically states that pursuant to K.S.A. §22a-101(a), the District Attorney's Office is an arm of the State and not controlled by the County and any reference to 'botched cases' does not involve Defendant County in any way.

262.    Defendant County denies the averments and allegations contained in paragraph 262 of the Amended Complaint.

263.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 263 of the Amended Complaint and therefore denies the same.

264.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 264 of the Amended Complaint and therefore denies the same.

265.    Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 265 of the Amended Complaint and therefore denies the same.

266.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 266 of the Amended Complaint and therefore denies the same.

267.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 267 of the Amended Complaint and therefore denies the same.

268.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 268 of the Amended Complaint and therefore denies the same.

269.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 269 of the Amended Complaint and therefore denies the same.

270.     Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 270 of the Amended Complaint and therefore denies the same.

## <u>ANSWER TO DAMAGES</u>

271.     Defendant County denies the averments and allegations contained in paragraph 271 of the Amended Complaint.

272.     Defendant County denies the averments and allegations contained in paragraph 272 of the Amended Complaint.

273.     Defendant County denies the averments and allegations contained in paragraph 273 of the Amended Complaint.

## **ANSWER TO ALLEGATION THAT DOUGLAS COUNTY INTERFERRED WITH PLAINTIFFS' CARE, CUSTODY, AND CONTROL OF THEIR CHILDREN**

274. Paragraph 274 of the Amended Complaint is a partial quotation of the Fourteenth Amendment to the United States Constitution, which speaks for itself, as well as a partial quotation to case law, and Defendant denies Plaintiffs' interpretation of the same as set forth in paragraph 227 of the Amended Complaint.

275. Paragraph 275 of the Amended Complaint is a partial quotation of case law, and Defendant denies Plaintiffs' interpretation of the same as set forth in paragraph 275 of the Amended Complaint.

276. Paragraph 276 of the Amended Complaint is a Plaintiffs' interpretation of case law, and Defendant denies Plaintiffs' interpretation of the same as set forth in paragraph 276 of the Amended Complaint.

277. Defendant County denies the averments and allegations contained in paragraph 277 of the Amended Complaint.

278. Defendant County denies the averments and allegations contained in paragraph 278 of the Amended Complaint.

279. Defendant County denies the averments and allegations contained in paragraph 279 of the Amended Complaint.

280. Defendant County denies the averments and allegations contained in paragraph 280 of the Amended Complaint.

281. Defendant County denies the averments and allegations contained in paragraph 281 of the Amended Complaint.

282. Defendant County denies the averments and allegations contained in paragraph 282 of the Amended Complaint.

## ANSWER TO CLAIMS FOR RELIEF

283.    Defendant County denies the averments and allegations contained in paragraph 283 of the Amended Complaint.

## ANSWER TO COUNT I
### (Fabricating and Perpetuating a Knowingly False and Nonexistent Cause of Death in Violation of 42 U.S.C. § 1983)

284.    In response to paragraph 284 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 283 of the Amended Complaint as if fully set forth herein.

285.    The claims asserted in Count I, inclusive of paragraphs 285 – 291 do not state a cause of action against Defendant County and therefore no response is required. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 285 – 291 of the Amended Complaint. Defendant County further states that pursuant to this Court's Order, the allegations and claims asserted in Count I were dismissed as to Valdez and Seiden. (Doc. 81).

## ANSWER TO COUNT II
### (Conspiracy to Deprive Constitutional Rights by Fabricating and Perpetuating a Knowingly False and Nonexistent Cause of Death in Violation of 42 U.S.C. § 1983)

286.    In response to paragraph 292 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 291 of the Amended Complaint as if fully set forth herein.

287.    The claims asserted in Count II, inclusive of paragraphs 293- 299 do not state a cause of action against Defendant County and therefore no response is required. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 293 – 299 of the Amended Complaint. Defendant County further states that pursuant

to this Court's Order, the allegations and claims asserted in Count II were dismissed as to Valdez and Seiden. (Doc. 81).

## ANSWER TO COUNT III
### (*Brady* Violations by Fabricating Evidence in Violation of 42 U.S.C. § 1983)

288.    In response to paragraph 300 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 299 of the Amended Complaint as if fully set forth herein.

289.    The claims asserted in Count III, inclusive of paragraphs 301-310 do not state a cause of action against Defendant County and therefore no response is required. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 301-310 of the Amended Complaint.

## ANSWER TO COUNT IV
### (Malicious Prosecution and Unlawful Pretrial Detention in Violation of 42 U.S.C. § 1983)

290.    In response to paragraph 311 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 310 of the Amended Complaint as if fully set forth herein.

291.    The claims asserted in Count IV, inclusive of paragraphs 312- 320 do not state a cause of action against Defendant County and therefore no response is required. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 312-320 of the Amended Complaint.

## ANSWER TO COUNT V
### (Conspiracy to Deprive Constitutional Rights in Violation of 42 U.S.C. § 1983)

292.    In response to paragraph 321 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

293.     Defendant County denies the allegations and averments contained in paragraph 322 of the Amended Complaint.

294.     Defendant County denies the allegations and averments contained in paragraph 323 of the Amended Complaint.

295.     Defendant County denies the allegations and averments contained in paragraph 324 of the Amended Complaint.

296.     Defendant County denies the allegations and averments contained in paragraph 325 of the Amended Complaint.

297.     Defendant County denies the allegations and averments contained in paragraph 326 of the Amended Complaint.

298.     Defendant County denies the allegations and averments contained in paragraph 327 of the Amended Complaint.

299.     Defendant County denies the allegations and averments contained in paragraph 328 of the Amended Complaint.

300.     Defendant County denies the allegations and averments contained in paragraph 329 of the Amended Complaint, and specifically denies that Plaintiffs' are entitled to seek punitive damages against Defendant County as a matter of law.

## ANSWER TO COUNT VI
### (Municipal Liability for Violations of 42 U.S.C. § 1983)

301.     In response to paragraph 330 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 329 of the Amended Complaint as if fully set forth herein.

302.     Defendant County denies the allegations and averments contained in paragraph 331 of the Amended Complaint.

303.    Defendant County denies the allegations and averments contained in paragraph 332 of the Amended Complaint.

304.    Defendant County denies the allegations and averments contained in paragraph 333 of the Amended Complaint.

305.    The City of Eudora was dismissed from this suit so that no response to paragraph 334 is required. (Doc. 81).

306.    Defendant County denies the allegations and averments contained in paragraph 335 of the Amended Complaint.

307.    Defendant County denies the allegations and averments contained in paragraph 336 of the Amended Complaint, and specifically states that Plaintiffs' claims for municipal liability for failure to train have been dismissed by this Court. (Doc. 81).

308.    Defendant County denies the allegations and averments contained in paragraph 337 of the Amended Complaint, and specifically states that Plaintiffs' claims for municipal liability for ratification have been dismissed by this Court. (Doc. 81).

309.    Defendant County denies the allegations and averments contained in paragraph 338 of the Amended Complaint, and specifically states that Plaintiffs' claims for municipal liability for ratification have been dismissed by this Court. (Doc. 81).

310.    Defendant County denies the allegations and averments contained in paragraph 339 of the Amended Complaint, and specifically states that Plaintiffs' claims for municipal liability for failure to supervise have been dismissed by this Court. (Doc. 81).

311.    Defendant County denies the allegations and averments contained in paragraph 340 of the Amended Complaint, and specifically states that Plaintiffs' claims for municipal liability for failure to supervise have been dismissed by this Court. (Doc. 81).

312.     Defendant County denies the allegations and averments contained in paragraph 341 of the Amended Complaint, and specifically states that this Court specifically ruled that Plaintiffs' claims against Defendant County do not rise to the level of deliberate indifference. (Doc. 81).

313.     Defendant County denies the allegations and averments contained in paragraph 342 of the Amended Complaint, and specifically states that Plaintiffs' claims for municipal liability for failure to supervise, discipline and train have been dismissed by this Court. (Doc. 81).

314.     Defendant County denies the allegations and averments contained in paragraph 343 of the Amended Complaint.

315.     Defendant County denies the allegations and averments contained in paragraph 344 of the Amended Complaint.

316.     Defendant County denies the allegations and averments contained in paragraph 345 of the Amended Complaint.

## ANSWER TO COUNT VII
### (Interference with Family Relationships in Violation of 42 U.S.C. § 1983)

317.     In response to paragraph 346 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 345 of the Amended Complaint as if fully set forth herein.

318.     The claims asserted in Count VII, inclusive of paragraphs 347 – 357 do not state a cause of action against Defendant County and therefore no response is required. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 347 – 357 of the Amended Complaint.

## ANSWER TO COUNT VIII
### (Seizure, Destruction, and Taking of Property without Just Compensation in Violation of 42 U.S.C. § 1983)

319.    In response to paragraph 358 of the Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 357 of the Amended Complaint as if fully set forth herein.

320.    Based upon this Court's Order, Doc. 81, the claims asserted in Count VIII have been dismissed from this suit and therefore no response is required from Defendant County. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 359 – 367 of the Amended Complaint.

## ANSWER TO DEMAND FOR JURY TRIAL

321.    Paragraph 368 is a declaratory statement to which no response is required. To the extent a response is deemed required, Defendant County denies there are any claims against Defendant County that are triable to a jury.

## ANSWER TO DESIGNATION OF PLACE OF TRIAL

322.    Defendant County does not object to Kansas City, Kansas as the place of trial as set forth in paragraph 322 of the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

323.    Defendant County denies Plaintiffs entitlement to relief requested in paragraph A of the Amended Complaint.

324.    Defendant County denies Plaintiffs entitlement to relief requested in paragraph B of the Amended Complaint, and specifically states that Defendant County is a governmental entity and Plaintiffs are barred as a matter of law from an award of punitive damages.

325.    Defendant County denies Plaintiffs entitlement to relief requested in paragraph C and specifically denies there are any claims against Defendant County that are triable to a jury.

326.    Defendant County denies Plaintiffs entitlement to relief requested in paragraph D, and specifically states that Defendant County is a governmental entity and Plaintiffs are barred as a matter of law seeking pre-judgment or post-judgment interest.

327.    Defendant County denies Plaintiffs entitlement to relief requested in paragraph E, as Plaintiffs' have not stated a claim for injunctive relief and Plaintiffs' claims related to training and supervision have been dismissed by this Court. (Doc. 81).

328.    Defendant County denies Plaintiffs entitlement to the non-specific relief requested in paragraph F.

## AFFIRMATIVE DEFENSES AND OTHER RESPONSES

329.    Further answering, Defendant County specifically denies each and every allegation and legal conclusion not specifically admitted herein.

330.    Plaintiffs' Amended Complaint fails to state facts sufficient to constitute any cause of action against Defendant County and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at Plaintiffs' costs.

331.    Plaintiffs fail to establish a Constitutional violation as required under *Monell* and do not set forth any policy or custom that caused a purported constitutional violation.

332.    Plaintiffs' Amended Complaint fails to state a claim against Defendant County for civil conspiracy pursuant to 42 U.S.C. § 1983 because there was no meeting of the minds between the County and any other person to engage in concerted action to deprive Plaintiffs of their constitutional rights.

333.    Plaintiffs' damages, if any, are not of the nature and extent alleged.

334.    Plaintiffs are not entitled to pre- or post- judgment interest or punitive damages against Defendant County. *Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

335.    Defendant County reserve the right to assert any and all affirmative defenses made known to them during discovery and to adopt any and all affirmative defenses asserted by any other Defendant.

336.    After additional discovery has been obtained in this case, Defendant County may ask the Court for leave to amend its Answer to allege any additional defenses that may be revealed during the course of discovery or at trial.

WHEREFORE, Defendant County prays that Plaintiffs take nothing by their Amended Complaint, that it be awarded costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By:    /s/ Michelle R. Stewart
    Michelle R. Stewart, mstewart@hinklaw.com  #19260

ATTORNEYS FOR DEFENDANT
DOUGLAS COUNTY KANSAS BOARD OF COMMISSIONERS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15 day of July, 2025, the foregoing *Answer to Amended Complaint* was filed electronically with the Clerk of the US District Court for the District of Kansas; and a copy was served via ECF electronic notification and via email on the following:

William J. Skepnek, #10149 (bskepnek@skepneklaw.com)
THE SKEPNEK LAW FIRM, PA
    AND
Quentin M. Templeton, #26666 (qtempleton@faganemert.com)
Brennan P. Fagan KS Bar #20430 (bfagan@faganemert.com)
FAGAN & EMERT, LLC
*Attorneys for Plaintffs*

Jeffrey M. Kuhlman, #26865 (jkuhlman@wcrf.com)
WATKINS CALCARA, CHTD.
*Attorneys for Defendant Erik Mitchell, MD*

_____
        */s/  Michelle R. Stewart*
ATTORNEYS FOR DEFENDANT
*DOUGLAS COUNTY KANSAS BOARD OF COMMISSIONERS*
