IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARRODY M. BUCHHORN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION** |
| ) | |
| v. ) | **No. 24-2580-KHV** |
| ) | |
| **THE BOARD OF COUNTY** ) | |
| **COMMISSIONERS OF THE COUNTY** ) | |
| **OF DOUGLAS COUNTY, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 16, 2024, Carrody M. Buchhorn, Timothy D. Buchhorn, Gregory W. Snell and Matthew T. Buchhorn filed suit against the Board of County Commissioners of the County of Douglas County, Kansas, the City of Eudora, Kansas and Erik Mitchell, Suzanne Valdez and Joshua Seiden in their individual capacities. Plaintiffs bring eight counts under 42 U.S.C § 1983, alleging that defendants arrested, prosecuted and imprisoned Carrody Buchhorn for a crime that she did not commit.

Defendants filed four motions to dismiss.[1] As to Mitchell, the Court dismissed as untimely Count 1 (fabricating and perpetuating a knowingly false cause of death), Count 2 (conspiring to fabricate and perpetuate a knowingly false cause of death), Count 3 (fabricating false evidence), part of Count 5 (conspiring to fabricate and perpetuate false evidence) and part of Count 7

---

[1] See The Defendant Erik Mitchell's Motion To Dismiss Amended Complaint (Doc. #62) filed April 3, 2025; Defendant The Board Of County Commissioners Of The County Of Douglas County Kansas' Motion To Dismiss Plaintiffs' Amended Complaint For Failure To State A Claim (Doc. #64), Motion To Dismiss The City Of Eudora, Kansas From Plaintiffs' Amended Complaint (Doc. #66) and Joint Motion To Dismiss By Defendants Joshua Seiden & Suzanne Valdez (Doc. #68), all filed April 4, 2025.

(depriving plaintiffs of their right to familial association by causing Buchhorn's arrest and unlawful detainment, fabricating false evidence and committing perjury).[2] See Memorandum And Order (Doc. #81) filed July 2, 2025.  It overruled his motion to dismiss Count 3 (withholding and suppressing exculpatory evidence), Count 4 (malicious prosecution), part of Count 5 (conspiring to maliciously cause Buchhorn's prosecution, withhold exculpatory evidence, pursue an appeal and retrial post-reversal and continue to publicly declare Buchhorn's guilt following the district court's dismissal of the charges) and part of Count 7 (depriving plaintiffs of their right to familial association by suppressing exculpatory evidence).  See id.

This matter is before the Court on Defendant Erik Mitchell's Motion To Reconsider (Doc. #83) filed July 15, 2025.  For reasons set forth below, the Court sustains Mitchell's motion in part.

**Factual Background**

The factual background underlying the parties' dispute is set forth in detail in the Court's Memorandum And Order (Doc. #81).  Highly summarized, as relevant to the pending motion, plaintiffs' amended complaint alleges as follows:

In 2016, Carrody Buchhorn worked at an in-home child daycare in Eudora, Kansas.  On September 29, 2016, Buchhorn found nine-month old O.O. unresponsive following an afternoon nap.[3]  Buchhorn attempted CPR until the paramedics arrived, and despite their efforts, O.O. died.

After O.O. died and before an autopsy, Dr. Erik Mitchell, District Coroner for Douglas County, Kansas, removed O.O.'s heart for donation.  Dr. Shannon M. Mackey-Bojack, Medical

---

[2]   The Court also dismissed all claims against the City of Eudora, Valdez and Seiden and Count 8 against Douglas County.  See Memorandum And Order (Doc. #81).

[3]   Pursuant to Federal Rule of Civil Procedure 5.2(a)(3) and the Court's Administrative Procedures, the Court refers to the minor by his initials.

Director of the Jesse E. Edwards Registry of Cardiovascular Disease at United Hospital in St. Paul, Minnesota, examined the heart after it was removed. Her examination revealed that the heart had a patent foramen ovale which, based on O.O.'s age, was a congenital heart defect. Mackey-Bojack's cardiac autopsy concluded that the left ventricle wall of O.O.'s heart was deprived of oxygen (ischemic damage) and because this damage lacked changes to the cells, this pathophysiologic process took place between 12 to 24 hours before his death.

Mitchell performed O.O.'s autopsy, and during it, speculated that Buchhorn had killed O.O. On June 13, 2017, Douglas County and the City of Eudora issued Mitchell's report of death. Mitchell did not possess O.O.'s heart at the time of his autopsy. Nevertheless, his report stated that the heart's fossa ovalis was closed, meaning that O.O. had a normal heart and did not die from a heart defect. His report directly contradicted Mackey-Bojack's report, which Mitchell possessed before he issued his report of death.

On April 14, 2017, the Douglas County District Attorney's Office filed an information against Buchhorn in the Douglas County District Court, charging her with O.O.'s murder. The information relied entirely on Mitchell, his theory of death and his suppression of Mackey-Bojack's cardiac autopsy report. Detective Daniel Flick with the Eudora Police Department submitted an affidavit to support the arrest warrant, which relied solely on Mitchell's report and theory as to O.O.'s death.

During the preliminary hearing after Buchhorn's arrest, Mitchell testified that "going on statistics," O.O. died instantaneously due to a blow to the head that had a "direct effect on depolarization of neurons at the area of the base of the brain, upper spinal cord manila, [which] interferes with the ability to breathe, and that leads to death." Amended Complaint (Doc. #59) filed March 21, 2025, ¶ 115. Further, he stated that "we have a child who has no anatomic disease

process or anatomic deformity or no anatomic reason to be dead other than the physical injury, and that this physical injury will release energy into the area that is critical for survival at the base of the brain, and that is, if you will satisfy, is the simplest most straightforward explanation." Id., ¶ 117. Mitchell claimed that O.O. died instantly from the injury and therefore the only potential suspect could be Buchhorn. The Douglas County district court found that probable cause existed to continue Buchhorn's prosecution.

At trial, Mitchell again offered this same theory: that O.O. died due to a blow to the head which interfered with the brain's ability to control breathing, causing O.O. to stop breathing and immediately or nearly immediately suffocate. Mitchell testified that O.O. had a normal heart and no other diseases to explain his death. At trial, the prosecution did not produce the Mackey-Bojack report. On July 26, 2018, the jury found Buchhorn guilty based solely on perjured evidence from Mitchell.

After trial but before sentencing, Buchhorn obtained new counsel, who hired five experts to challenge Buchhorn's conviction at a post-trial hearing.[4] At the post-trial hearing, Mitchell admitted that contrary to his prior representations to the court, no statistics support his cause of death theory, and his "depolarization" theory was something he had created to support Buchhorn's prosecution. Even so, on November 18, 2019, the district court denied Buchhorn's motion for a new trial and sentenced her to 123 months in prison.

Buchhorn appealed. On August 16, 2021, the Kansas Court of Appeals reversed Buchhorn's conviction and the district court's denial of a new trial based on ineffective assistance of counsel, and it remanded the case. On August 19, 2022, the Kansas Supreme Court affirmed.

---

[4]    Plaintiffs do not allege the date of this post-trial hearing.

On October 5, 2022, on remand, the prosecution announced that it had abandoned Mitchell and his cause of death theory. On November 1, 2022, the district court found that without Mitchell's testimony, Buchhorn's presence near O.O. at the time of death did not establish probable cause. The district court ordered a new preliminary examination (scheduled for January 17, 2023) and jury trial (scheduled for March 13, 2023).

On November 14, 2022, given the district court's finding of insufficient probable cause, Buchhorn filed a Verified Petition for Writ of Habeas Corpus with the Kansas Court of Appeals. The Kansas Court of Appeals ordered that by 5:00 P.M. on December 16, 2022, the prosecution file a status report whether it had produced an expert report required to show probable cause. In their status report dated December 16, 2022, the District Attorney's Office admitted that it did not submit an expert report. Buchhorn again requested her immediate release from custody. That same day, December 16, 2022, Kansas District Judge Sally Pokorny dismissed Buchhorn's criminal case based on failure to produce an expert report which established a cause of death. By this date, Buchhorn had been detained for almost six years—more than 2,000 days.

## Procedural History

On December 16, 2024, Carrody Buchhorn, her husband and children filed suit against Douglas County, the City of Eudora, Mitchell, Valdez and Seiden.

Against Mitchell, plaintiffs asserted six counts under 42 U.S.C § 1983.[5] Specifically, plaintiffs alleged that he (1) fabricated and perpetuated a knowingly false cause of death (Count 1); (2) conspired to deprive Buchhorn of her constitutional right to a fair trial by fabricating and perpetuating a knowingly false cause of death (Count 2); (3) withheld and suppressed exculpatory

---

[5] As noted, plaintiffs asserted eight counts against the five defendants. Only those claims against Mitchell are relevant to the motion before the Court.

evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and fabricated false evidence (Count 3); (4) caused Buchhorn to be unreasonably seized and subjected to judicial proceedings for which no probable cause existed (Count 4); (5) conspired to deprive Buchhorn of her constitutional liberty interests in the care, custody, control and association of her children and association with her husband by (a) maliciously causing Buchhorn's prosecution, (b) fabricating and perpetuating false evidence to detain and convict her, (c) withholding exculpatory evidence, (d) pursuing an appeal and retrial post-reversal and (e) continuing to publicly declare Buchhorn's guilt following the district court's dismissal of the charges (Count 5); and (6) deprived plaintiffs of their constitutional right of familial association by (a) causing Buchhorn's arrest and unlawful detainment and (b) fabricating false evidence, committing perjury and suppressing exculpatory evidence, which caused her wrongful incarceration and conviction (Count 7). See Amended Complaint (Doc. #59).

On April 3, 2025, Mitchell moved to dismiss all claims against him. See The Defendant Erik Mitchell's Motion To Dismiss Amended Complaint (Doc. #62). As noted, on July 2, 2025, the Court overruled Mitchell's motion to dismiss Count 3 (withholding and suppressing exculpatory evidence), Count 4 (malicious prosecution), part of Count 5 (conspiring to maliciously cause Buchhorn's prosecution, withhold exculpatory evidence, pursue an appeal and retrial post-reversal and continue to publicly declare Buchhorn's guilt following the district court's dismissal of the charges) and part of Count 7 (depriving plaintiffs of their right to familial association by suppressing exculpatory evidence). See Memorandum And Order (Doc. #81).

Mitchell asks the Court to reconsider the denial of his motion to dismiss Count 4 and parts of Counts 5 and 7. See Defendant Erik Mitchell's Motion To Reconsider (Doc. #83).

**Analysis**

District of Kansas Local Rule 7.3 governs motions for reconsideration of dispositive orders which do not result in a final judgment. Neonatal Prod. Grp., Inc. v. Shields, 312 F. Supp. 3d 1010, 1020 (D. Kan. 2018). Under Rule 7.3, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. Reconsideration is appropriate where the Court has misapprehended the facts, a party's position or the applicable law. Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018). A motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). As movant, Mitchell bears the burden to show adequate reason for the Court to reconsider its prior order. Koch v. Shell Oil Co., 8 F. Supp. 2d 1259, 1263 (D. Kan. 1998).

"Clear error" exists when the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc., 259 F.3d 1226, 1235–36 (10th Cir. 2001). The Tenth Circuit has not defined "manifest injustice" in the context of reconsideration, but this Court has described the term to mean direct, obvious and observable error. United States Equal Emp. Opportunity Comm'n v. Chipotle Servs., LLC, No. CV 23-2439-KHV, 2025 WL 446346, at *2 (D. Kan. Feb. 10, 2025). Where defendant seeks reconsideration to prevent manifest injustice, he can prevail only if he demonstrates injustice that is "apparent to the point of being indisputable." Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Mitchell seeks reconsideration on two discrete issues. First, Mitchell argues that the Court applied an "indicative of actual innocence" element when analyzing whether the statute of limitations bars plaintiffs' malicious prosecution claims (Counts 4 and 5)—a standard which the Supreme Court modified in 2022.[6] Second, Mitchell argues that the Court did not address whether he is entitled to qualified immunity on Count 7.[7]

**I.      Counts 4 And 5**

Count 4 alleges that Mitchell deprived Buchhorn of her Fourth Amendment right to be free from unreasonable seizure and her Fourteenth Amendment right to due process by causing her to be unreasonably seized and subjected to judicial proceedings for which no probable cause existed. Count 5 alleges that Mitchell conspired with all defendants to deprive Buchhorn of her First and Fourteenth Amendment liberty interests in the care, custody, control and association of her children and association with her husband by maliciously causing her prosecution. As noted, the Court previously held that Count 4 (malicious prosecution) and Count 5 (conspiring to maliciously cause Buchhorn's prosecution) were timely. See Memorandum And Order (Doc. #81). Mitchell seeks reconsideration of the Court's decision.

Mitchell argues that the Court erred in applying an "indicative of actual innocence" element when analyzing whether the statute of limitations bars plaintiffs' malicious prosecution claims (Counts 4 and 5). Before 2022, to satisfy the favorable termination requirement of a malicious

---

[6]      Count 5 contains five sub-claims, but only one is relevant to the motion before the Court—conspiring to maliciously cause Buchhorn's prosecution. Therefore, when the Court refers to "Count 5," it refers only to this sub-claim.

[7]      Count 7 contains four sub-claims, but only one is relevant to the motion before the Court—depriving plaintiffs of their right to familial association by suppressing exculpatory evidence. Therefore, when the Court refers to "Count 7," it refers only to this sub-claim.

prosecution claim, plaintiffs had to allege that the termination occurred in a manner indicative of the accused's innocence.[8]  Cordova v. City of Albuquerque, 816 F.3d 645, 651 (10th Cir. 2016), abrogated by Thompson v. Clark, 596 U.S. 36 (2022).  The Court would "look to the stated reasons for the dismissal as well as to the circumstances surrounding it" and determine "whether the failure to proceed implie[d] a lack of reasonable grounds for the prosecution."  Id. (quoting Wilkins v. DeReyes, 528 F.3d 790, 803 (10th Cir. 2008)).  In 2022, however, the Supreme Court clarified that a criminal prosecution terminates favorably when the prosecution ends without a conviction; plaintiffs need not show that the original criminal proceeding terminated in a manner indicative of actual innocence.  Thompson, 596 U.S. at 49.

Here, plaintiffs oppose reconsideration, arguing that Mitchell does not cite an intervening change in controlling law or claim the availability of new evidence.  As for clear error, plaintiffs argue that Mitchell has not shown that the Court applied an incorrect legal standard.   The Court agrees. In its Memorandum And Order (Doc. #81), the Court cited pre-Thompson law regarding the favorable termination element.  Memorandum And Order (Doc. #81) at 18–19 (citing Margheim v. Buljko, 855 F.3d 1077, 1089 (10th Cir. 2017), and M.G. v. Young, 826 F.3d 1259, 1262 (10th Cir. 2016)).  In its analysis, the Court stated that "the Kansas Court of Appeals and Kansas Supreme Court invalidated Buchhorn's conviction based on ineffective assistance of counsel—i.e. grounds having little relation to Buchhorn's guilt."  Id. at 19.  The Court went on, however, to conclude that because Buchhorn's prosecution continued after the Kansas appellate

---

[8]  To state a claim under Section 1983 for malicious prosecution, plaintiffs must allege that (1) Mitchell caused Buchhorn's continued confinement or prosecution; (2) the original action terminated in Buchhorn's favor; (3) no probable cause supported the original arrest, continued confinement or prosecution; (4) Mitchell acted with malice; and (5) plaintiffs sustained damages.  See Shrum v. Cooke, 60 F.4th 1304, 1310 (10th Cir. 2023).

courts remanded the case, Buchhorn received a favorable termination on December 16, 2022, when Judge Pokorny dismissed the criminal case against her. Id.

The Court's analysis did not rely on an "indicative of innocence" element when concluding that Buchhorn received a favorable termination on December 16, 2022. While the Court did mention "indicative of actual innocence" and cite pre-Thompson law, the reasons and circumstances surrounding the termination of Buchhorn's case were not dispositive of the statute of limitations issue. The Court would have reached the same conclusion even if it did not know the reason for the reversal or Judge Pokorny's reason for dismissing the charges. Buchhorn's prosecution ended without a conviction on December 16, 2022. For these reasons, Mitchell has not established that the Court committed clear error.

The Court overrules Mitchell's motion for reconsideration as to Counts 4 and 5.

**II.    Count 7**

Count 7 alleges that Mitchell deprived plaintiffs of their First and Fourteenth Amendment rights to familial association by suppressing exculpatory evidence. Mitchell seeks reconsideration of the Court's denial of his motion to dismiss Count 7, arguing that it did not address whether he is entitled to qualified immunity. Mitchell did seek qualified immunity, and the Court's Memorandum And Order (Doc. #81) failed to address that part of his motion.

Government officials sued in their individual capacities are entitled to qualified immunity from suit and liability for civil damages for performing discretionary functions so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Dodds v. Richardson, 614 F.3d 1185, 1191 (10th Cir. 2010). The Supreme Court has set forth a two-step inquiry for resolving qualified immunity

-10-

claims. Pearson, 555 U.S. at 232. First, plaintiffs must allege that Mitchell violated a constitutional right. See id. Second, the Court must determine whether the right at issue was clearly established at the time of Mitchell's conduct. See id. To survive a motion to dismiss based on qualified immunity, plaintiffs "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights." Robbins v. Okla., 519 F.3d 1242, 1249 (10th Cir. 2008).

Familial association claims are "grounded in the shocks-the-conscience approach to substantive due process claims challenging executive action." Halley v. Huckaby, 902 F.3d 1136, 1155 (10th Cir. 2018). Plaintiffs must base their familial association claim on allegations of abusive government authority. Doe v. Woodard, 912 F.3d 1278, 1301 (10th Cir. 2019). To state a familial association claim under Section 1983, plaintiffs must allege an (1) intent to interfere with the family relationship and (2) unwarranted and severe intrusion. Halley, 902 F.3d at 1156.

Mitchell asserts that plaintiffs have not alleged the first element. To meet this requirement, plaintiffs must allege an intent to interfere—that is, plaintiffs must allege that the state actor directed his conduct at the familial relationship with knowledge that the conduct would adversely affect that relationship. Doe, 912 F.3d at 1301.

Plaintiffs allege that Mitchell's suppression of exculpatory evidence caused Buchhorn to be detained for almost six years—more than 2,000 days—apart from her husband and children. Plaintiffs have not alleged that Mitchell knew of Timothy Buchhorn, Gregory Snell and Matthew Buchhorn, or Carrody Buchhorn's relationships with them, and intended to interfere with their relationships. Similarly, plaintiffs have not alleged that Mitchell knew about Carrody Buchhorn's relationships with her husband and children and intended to interfere with them. Conduct directed solely at Carrody Buchhorn—and not her relationships—does not state a familial association

claim. Stewart v. City of Prairie Vill., Kan., 904 F. Supp. 2d 1143, 1165 (D. Kan. 2012) ("because Plaintiff failed to allege facts showing that the Defendants took action knowingly directed at her relationship with her daughter, Plaintiff has failed to state a claim").

Plaintiffs argue that Mitchell's intent is a question of fact which the Court cannot resolve on a motion to dismiss, but plaintiffs must still *allege* intent. Even if the Court takes as true plaintiffs' factual allegations and makes all reasonable inferences in their favor, plaintiffs' complaint does not support an inference that Mitchell knew of plaintiffs' familial relationships and directed his conduct at them. While the result of his conduct was deprivation of familial relationships, that fact does not suffice to allege an intent to interfere. See Doe, 912 F.3d at 1301 (plaintiffs must allege that state actor directed conduct at familial relationship with knowledge that conduct would adversely affect relationship).

Because plaintiffs have not alleged a violation of a constitutional right, Mitchell is entitled to qualified immunity on Count 7's claim that he deprived plaintiffs of their rights to familial association by suppressing exculpatory evidence.

**IT IS THEREFORE ORDERED** that Defendant Erik Mitchell's Motion To Reconsider (Doc. #83) filed July 15, 2025 is **SUSTAINED in part and OVERRULED in part. The Court sustains Mitchell's motion for reconsideration only as to Count 7. It overrules the remainder of his motion.**

**The remaining claims against Erik Mitchell are Count 3 (withholding and suppressing exculpatory evidence), Count 4 (malicious prosecution) and Count 5 (conspiring to maliciously cause Buchhorn's prosecution, withhold exculpatory evidence, pursue an appeal and retrial post-reversal and continue to publicly declare Buchhorn's guilt following the district court's dismissal of the charges).**

Dated this 11th day of August, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge