IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARRODY M. BUCHHORN, et al.<br><br>  Plaintiffs,<br><br>v.<br><br>THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS COUNTY, KANSAS, et al.<br><br>  Defendants. | Case No.: 2:24-CV-02580-KHV-TJJ |

**MOTION OF DEFENDANT MITCHELL TO AMEND THE SCHEDULING ORDER**

Defendant Erik Mitchell, by and through newly substituted counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 16(b)(4), to amend the Scheduling Order and extend the existing case management deadlines by approximately sixty (60) days. In support of this motion, Defendant Mitchell states as follows:

**I.   Introduction**

This case is currently in the midst of discovery. The Scheduling Order presently establishes several case management deadlines. The deadlines most relevant to this motion include the following:

- Defendants' Expert Disclosures:   March 27, 2026
- Mediation Completed:   May 1, 2026
- Discovery Completed:   May 22, 2026
- Pretrial Conference:   June 23, 2026
- Dispositive Motion Deadline:   July 17, 2026
- Jury Trial:   November 2, 2026

Defendant Mitchell's prior counsel, Jeffrey Kuhlman, recently withdrew from the case after being nominated for appointment to the federal bench in the District of Kansas. In connection with that nomination, Judge Melgren's courtroom deputy recently advised Mr. Kuhlman that judges in this District must recuse from cases in which he remains counsel of record and that filings requiring judicial action would need to be referred to a judge from another district. As a result, Mr. Kuhlman withdrew from this matter.

Undersigned counsel entered an appearance of behalf of Defendant Mitchell on March 6, 2026, and has begun the process of reviewing the record and preparing the defense of the case. However, given the large size of the case record and the imminence of several critical deadlines, particularly the deadline for Defendants' expert disclosures, Defendant Mitchell respectfully requests a modest extension of the Scheduling Order.

## II.     Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists when a party demonstrates that the existing deadlines cannot reasonably be met despite diligent efforts. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014). A district court's decision regarding a motion to amend the scheduling order is reviewed for abuse of discretion. *Id.*

## III.    Good Cause Exists to Amend the Scheduling Order

### A.     Newly Retained Counsel Has Acted Diligently Since Entering the Case

Undersigned counsel entered an appearance on March 6, 2026, and immediately began taking steps to become familiar with the case and comply with the existing scheduling order. These efforts have included obtaining the case file from prior counsel, conducting an introductory conference with the client, beginning review of the discovery record and case

2

materials, reviewing Plaintiffs' recently served expert disclosures, and evaluating the need for and scope of expert testimony on behalf of Defendant Mitchell.

Despite these efforts, the discovery record in this case is extensive. To date, the parties have produced more than 55,000 pages of documents, which must be reviewed in order to adequately evaluate the claims, prepare expert testimony, and develop the defense of the case.

In addition, written discovery directed at Defendant Mitchell was served before undersigned counsel entered the case and responses are currently due on April 1, 2026. As a result, undersigned counsel must simultaneously review the existing record and prepare discovery responses within a compressed timeframe.

Moreover, undersigned counsel is currently scheduled to begin a jury trial on November 2, 2026, in *Bonnie Smith, et al. v. GO Carwash Management Corp., et al.*, Case No. 2416-CV03569, pending in the Circuit Court of Jackson County, Missouri. That is the same week trial in the present matter is currently scheduled to begin. Given these circumstances, the existing deadlines cannot reasonably be met despite diligent efforts.

Undersigned counsel also has an ethical obligation to provide competent representation to the client. *See* K.R.P.C. 1.1 (requiring knowledge, skill, thoroughness, and preparation reasonably necessary for the representation). Given the size of the discovery record and the current posture of the case, additional time is necessary for counsel to fully review the evidence, evaluate expert issues, and prepare the defense in a manner consistent with those professional obligations.

**B.     The Inadequacy of Plaintiffs' Recent Expert Disclosures Provide Further Justification to Amend the Scheduling Order**

Plaintiffs recently served expert disclosures. Defendants believe those disclosures are deficient and do not comply with the requirements of Fed. R. Civ. P. 26(a)(2). Defendants

3

recently submitted joint objections to Plaintiffs' expert disclosures. Until Plaintiffs provide expert reports that comply with Rule 26, Defendants cannot reasonably evaluate the bases of Plaintiffs' expert disclosures, retain appropriate rebuttal experts, and comply with their disclosure requirements by March 27, 2026, which is the current deadline for Defendants' expert disclosures. This necessitates an amendment to the current Scheduling Order.

### C. Undersigned Counsel Has Conferred with Counsel for the Other Parties

Undersigned counsel has conferred with counsel for the other parties regarding the requested amendment to the Scheduling Order prior to filing this Motion. Defendant Board of County Commissioners of Douglas County, Kansas does not oppose Defendant Mitchell's request to amend the scheduling order. Plaintiffs oppose the requested extension.

To the best of undersigned counsel's knowledge since entering the case, this is the first request to amend the Scheduling Order. The request is made in good faith and not for the purposes of delay.

### IV. Proposed Revised Deadlines

Defendant Mitchell respectfully proposes that the Court extend the deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Defendants' Expert Disclosures | March 27, 2026 | May 26, 2026 |
| Mediation Completed | May 1, 2026 | July 1, 2026 |
| Discovery Deadline | May 22, 2026 | July 22, 2026 |
| Pretrial Conference | June 23, 2026 | August 26, 2026 |
| Dispositive Motion Deadline | July 17, 2026 | September 15, 2026 |
| Jury Trial | November 2, 2026 | February 2027 |

### V. Conclusion

For these reasons, Defendant respectfully requests that the Court find good cause under Fed. R. Civ. P. 16(b)(4) and amend the Scheduling Order as requested herein.

WHEREFORE, Defendant Erik Mitchell respectfully requests the Court grant his motion to amend the scheduling order and grant any other relief that Defendant Mitchell may show he is entitled and the Court deems appropriate, just, and proper.

Respectfully submitted,

**Kurtz & Buck LLC**


/s/ Cory R. Buck
Cory R. Buck, KS 25969
Jamie L. Welch, KS 29318
1201 NW Briarcliff Pkwy, 2nd Floor
Kansas City, MO  64116
Tel:  (816) 897-7500
Fax:  (816) 897-7500
cory.buck@kurtzbuck.com
jamie.welch@kurtzbuck.com
Attorneys for Defendant Mitchell

**Certificate of Original Signature and Service**

I hereby certify that on March 10, 2026, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.


/s/ Cory R. Buck
Cory R. Buck