**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CARRODY M. BUCHHORN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 24-2580-KHV |
| | ) | |
| THE BOARD OF COUNTY | ) | |
| COMMISSIONERS OF THE COUNTY | ) | |
| OF DOUGLAS COUNTY, KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Non-Party Midwest Transplant Network, Inc.'s Motion For Protective Order And Memorandum In Support (Doc. #117) filed March 23, 2026 and Non-Party Midwest Transplant Network, Inc.'s Motion To Seal Confidential Documents (Doc. #120) filed March 24, 2026. Midwest asks the Court to permanently seal Exhibit C (Doc. #118) on the ground that it is a medical or autopsy record related to the death of minor O.O., and is therefore confidential under the Protective Order (Doc. #95) in this case. Plaintiffs oppose the request but the dispute is largely a tempest in a teapot. Exhibit C is largely irrelevant to the substantive issues in the case and the Court does not understand why they need to be part of the record in the case, either under seal or otherwise. The Court therefore strikes from the record the pages of Exhibit C which are Bates-stamped MTN 00001–MTN 00077 and MTN 00092–MTN 00093. Those pages are immaterial and plaintiffs do not object to their exclusion from the record. As to pages which are Bates-stamped MTN 00078–MTN 00091, the motions to permanently seal them are overruled. These documents are email strings between Midwest and third parties (apparently the tissue processor who possessed O.O.'s heart tissue).

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Midwest argues that the email strings between Midwest and third parties are confidential and should remain sealed because "confidentiality is needed to assure a donor families [sic] would willingly provide accurate and extensive medical and social histories, without which neither organ and tissue donation can safely occur, leaving transplant candidates . . . to continue struggling with life-enhancing operations." Midwest also argues that the emails are confidential because they are "included in the donor file, which MTN agreed to maintain as confidential with the donor family and the donor hospital." These arguments overstate what is at stake here, by a mile. By striking most of Exhibit C, the Court has prevented disclosure of medical and social histories which might

arguably be of concern to potential donors.  The fact that Midwest placed the emails in a file which contains medical and autopsy records does not mean that the emails are themselves medical and autopsy records.  Finally, and much more importantly here, plaintiffs contend that the family of O.O. has no privacy concerns about making the emails public.  Midwest does not argue otherwise, and has identified no scenario under which it has a contractual right to confidentiality as against families of the actual donors.

In sum, the Court finds that the pages of Exhibit C which are Bates-stamped MTN 00078– MTN 00091 are not medical or autopsy records under the Protective Order (Doc. #95) and even if they are related to medical or autopsy records, or are stored in the same file as medical and autopsy records, Midwest has not carried its heavy burden of establishing that they should be permanently sealed.  The Clerk of Court shall immediately unseal those pages and enter a text entry on the docket sheet which gives public notice that this has been done.

**IT IS THEREFORE ORDERED** that Non-Party Midwest Transplant Network, Inc.'s Motion For Protective Order And Memorandum In Support (Doc. #117) filed March 23, 2026 and Non-Party Midwest Transplant Network, Inc.'s Motion To Seal Confidential Documents (Doc. #120) filed March 24, 2026 are **OVERRULED.  The Clerk of Court shall immediately strike from Exhibit C (Doc. #118) the pages which are Bates-stamped MTN 00001–MTN 00077 and MTN 00092–MTN 00093.  As to pages which are Bates-stamped MTN 00078–MTN 00091, the Clerk of Court shall immediately unseal those pages and enter a text entry on the docket sheet which gives public notice that this has been done.**

Dated this 7th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge